UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMETRIA L. BRIDGES,<br><br>Plaintiff,<br><br>v.<br><br>PROCOLLECT, INC.,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 3:20-cv-01806<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DEMETRIA L. BRIDGES ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PROCOLLECT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business and resides within the Northern District of Texas.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age, and a "person" as defined by 47 U.S.C. §153(39).

5. Defendant boasts itself as "one of the nation's premier debt collection agencies[.]"[1] Defendant is a corporation organized under the laws of the state of Texas with its principal place of business located at 12170 Abrams Road, Suite 100, Dallas, Texas 75243. Defendant engages in collection activities in several different states, including the state of Texas.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. The instant action arises out of Defendant's attempts to collect upon two different consumer debts that Plaintiff allegedly incurred ("subject debts").

9. One of these consumer debts pertained to a purported medical bill, which was erroneously charged to Plaintiff, as the bill was to be covered by Plaintiff's workers' compensation benefits.

10. The other consumer debt stemmed from Plaintiff's alleged default on a residential apartment obligation.

11. For the last handful of years, Plaintiff has been receiving calls to her cellular phone, (601) XXX-9662, from Defendant.

---

[1] https://procollect.com/

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9662. Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant has called Plaintiff mainly using the phone number (214) 382-4871, but upon belief, Defendant has used other phone numbers as well

14. Upon information and belief, the aforementioned phone number ending in -4871 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

16. Furthermore, in other answered calls, Plaintiff is greeted by a pre-recorded message prompting her to hold for the next available representative.

17. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debts.

18. Upon speaking to Defendant's representatives, Plaintiff was confused as to why Defendant was collecting upon a residential apartment debt, when that same debt was being serviced by a different third-party debt collector.

19. Plaintiff was even making regular payments on the residential apartment debt.

20. Plaintiff also informed Defendant that the medical debt was not owed, as it was covered by her workers' compensation benefits.

21. Yet, Defendant persisted in its collection efforts and attempted to extract payment from Plaintiff.

22. As a result of Defendant's systematic and harassing conduct, Plaintiff demanded that it cease contacting her.

23. In spite of Plaintiff's efforts, Defendant has placed not less than 30 calls to Plaintiff's cellular phone, using pre-recorded messages and an ATDS.

24. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in exhausting time and resources.

25. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though full set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2004.[2]

---

[2] https://www.acainternational.org/search#memberdirectory

31. The subject debts are "debt[s]" as defined by FDCPA §1692a(5) as they arise out of transactions due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1) and §1692d

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

33. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 30 times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone in spite of Plaintiff's demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

34. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

5

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

37. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to communicate with Plaintiff via automated phone calls. Defendant engaged in this deceptive behavior in an effort to force Plaintiff to answer its calls and make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

38. Defendant further violated §1692e, e(2), and e(10) when it attempted to collect upon debts which Plaintiff does not owe. It was a false representation as to the character of the subject debt to suggest that Plaintiff owed the debts, even though Plaintiff was already satisfying one account with a different debt collector. One of the core purposes of the FDCPA is to prevent and restrain debt collectors from abusing the collection process and collecting upon debts that are not owed, underscoring how Defendant's conduct posed a material risk of harm to Plaintiff interests provided to her under the FDCPA.

### c. Violations of FDCPA § 1692f

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on the subject debts by continuously calling Plaintiff at least 30 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her

permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

41. As pled herein, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DEMETRIA L. BRIDGES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

42. Claimant repeats and realleges paragraphs 1 through 41 as though fully set forth herein.

43. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

44. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff

has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

45.  In addition, Defendant also used pre-recorded messages when placing collection calls to Plaintiff's cellular phone.

46. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiff's cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

47. Defendant violated the TCPA by placing at least 30 phone calls to Plaintiff's cellular phone using an ATDS and pre-recorded messages without her consent.  Any consent Plaintiff may have given to Defendant by virtue of incurring the subject debts was explicitly revoked by Plaintiff's demands that it cease contacting her.

48. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

49.  Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DEMETRIA L. BRIDGES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

  b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

  c. Awarding Plaintiff costs and reasonable attorney fees;

  d. Enjoining Defendant from further contacting Plaintiff; and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: July 8, 2020        Respectfully submitted,

              s/ Nathan C. Volheim (Lead Attorney)
              Nathan C. Volheim, Esq. #6302103
              *Counsel for Plaintiff*
              Sulaiman Law Group, Ltd.
              2500 South Highland Ave., Suite 200
              Lombard, Illinois 60148
              (630) 568-3056 (phone)
              (630) 575-8188 (fax)
              nvolheim@sulaimanlaw.com